UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA E STENZEL,

      Plaintiff,

v.                                                 Case No: 8:19-cv-1247-T-60SPF

EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; PORTFOLIO RECOVERY
ASSOCIATES, LLC; BANK OF AMERICA, N.A.;
AND JOHN DOE AND JANE DOE,

      Defendants.
_____/

## ORDER

Before the Court is Pamela E. Stenzel's ("Plaintiff") Motion to Strike Defendant's Notice to Court of Attempted Unlicensed Practice of Law ("Motion to Strike") (Doc. 34); Plaintiff's Motion to Compel (Doc. 37); and Plaintiff's Motion to Set Aside Defendant's Objections, Opposition, and Immunities (Doc. 54). On October 28, 2019, a hearing was held on Plaintiff's motions.

With respect to Plaintiff's Motion to Strike, the Court finds that Portfolio Recovery Associates, LLC's Notice to Court of Attempted Unlicensed Practice of Law (Doc. 30) properly raised concerns as to whether "Chandler D. Alexander"[1] was engaged in the

---

[1] It appears that Chandler D. Alexander's real name is Kellis Dion Jackson. At the hearing, Portfolio Recovery Associates, LLC's counsel directed the Court's attention to *United States v. Kellis Dion Jackson (a.k.a Chandler Dante Alexander)*, 8:17-cr-00506-T-24AAS (M.D.FL), wherein Mr. Jackson was convicted of falsely stating that his name

unlicensed practice of law.  On August 6, 2019, defense counsel received an email from Mr. Alexander indicating that the *pro se* Plaintiff provided him with her "Power of Attorney" and that he had "been tasked with assisting her in preliminary prosecuting her lawsuit." (Doc. 30-1).  Mr. Alexander further represented that his "service[s] will encompass and extend up until the filing and response(s) of all dispositive motions." (*Id.*)  Mr. Alexander further stated that he was "instructed to field any and all settlement offers in an attempt to resolve this matter without going to trial." (*Id.*)  In addition, Mr. Alexander represented that Plaintiff did not object to a 30-day extension. (*Id.*)  He also indicted that he would be circulating a Notice of Case Management Report and requested counsel's availabilities so that "*we* may move forward with a phone conference shortly thereafter." (*Id.*) (emphasis added).  The signature block at the bottom of the email indicated that Mr. Alexander was with the "Alexander & Associates Law Group." (*Id.*).  In a separate email on the same day, Mr. Alexander solicited defense counsel's position on Plaintiff's motion for leave to amend. (Doc. 37-2).  His email once again featured a signature block at the bottom of the email indicating that Mr. Alexander was with the "Alexander & Associates Law Group." (*Id.*).

"It is generally understood that the performance of services in representing another before the courts is the practice of law." *Fla. Bar re Advisory Opinion*, 265 So. 3d 447, 454 (Fla. 2018).  In *The Fla. Bar v. Gordon*, the Florida Supreme Court found that the respondents had engaged in the unlicensed practice of law and enjoined them from:

---

was "Chandler Dante Alexander" on a passport application in violation of 18 U.S.C. § 1542.  Mr. Jackson is currently appealing his conviction.

> Either impliedly or expressly, personally or by use of advertisement, holding themselves out as lawyers and authorized to practice law in Florida and describing themselves as lawyers, attorneys, attorneys at law, esquire, counselor, counsel, or any other title that is designed to lead a member of the public into believing that respondents are licensed to practice law in Florida and able to render assistance with legal matters; [and]
>
> * * *
>
> Corresponding with parties or the attorneys of parties as the representative of a client relative to legal matters

661 So. 2d 295, 295 (Fla. 1995). Likewise, the Florida Supreme Court has enjoyed a nonlawyer from "appearing in any Florida court, directly or indirectly, as a spokesperson or representative for litigants in any court proceeding." *The Fla. Bar v. Eubanks*, 752 So. 2d 540, 545 (Fla. 1999). Moreover, the Florida Supreme Court has "repeatedly held that the preparation of legal documents by a nonlawyer for another person to a greater extent than typing or writing information provided by the customer on a form constitutes the unlicensed practice of law." *The Fla. Bar v. Miravalle*, 761 So. 2d 1049, 1051 (Fla. 2000).

At the hearing, Plaintiff acknowledged that Mr. Alexander is not a licensed attorney. Therefore, Mr. Alexander should not be holding himself out to the public as someone from "Alexander & Associates Law Group" and able to render assistance to Plaintiff on legal matters, including assistance with "preliminary prosecuting her lawsuit." In addition, Mr. Alexander should not be corresponding with defense counsel as the representative or spokesperson for Plaintiff concerning this lawsuit. If Plaintiff wishes to proceed with this case *pro se* (i.e. for oneself), she must represent herself and correspond directly with the attorneys for the Defendants.

Accordingly, after consideration of the parties' arguments and for the reasons stated at the hearing, it is hereby

ORDERED:

1. Plaintiff's Motion to Strike Defendant's Notice to Court of Attempted Unlicensed Practice of Law (Doc. 34) is denied.

2. Plaintiff's Motion to Compel (Doc. 37) is granted to the extent that Defendants' attorneys are directed to timely respond to Plaintiff's direct attempts in the future to confer pursuant to Local Rule 3.01(g). Plaintiff's Motion to Compel is otherwise denied.

3. Plaintiff's Motion to Set Aside Defendant's Objections, Opposition, and Immunities (Doc. 54) is denied.

**ORDERED** in Tampa, Florida, on October 28, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE