UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA E STENZEL,

    Plaintiff,

v.                                                   Case No.: 8:19-cv-1247-T-60SPF

EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; PORTFOLIO
RECOVERY ASSOCIATES, LLC; BANK
OF AMERICA, N.A.; AND JOHN DOE
AND JANE DOE,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Set Aside Previous Motion to Amend and Request for Leave to Amend Complaint in Light of New Claims ("Motion") (Doc. 38) and Defendants' responses in opposition (Docs. 43, 46, and 50). Upon consideration, Plaintiff's Motion is denied.

## DISCUSSION

After more than 21 days from the service of a responsive pleading, a party may amend its pleading "only with the opposing party's written consent or the court's leave," which "[t]he court should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing

party; or (3) where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014). A "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted).

Plaintiff seeks to amend her Amended Complaint (Doc. 11) to add: (1) TD Auto Finance, LLC ("TD Auto") as an additional defendant; (2) claims against Bank of America and Portfolio Recovery Associates, LLC's ("Portfolio") for violating the Fair Debt Collection Practices Act ("FDCPA"); and (3) claims for civil conspiracy and civil aiding and abetting against Leonard Wolfe ("Wolfe"), an employee of Portfolio, and various attorneys involved in a 2016 litigation initiated by Portfolio against Plaintiff (the "2016 Lawsuit").[1] While not specified in her Motion, Plaintiff does not assert any claim against Equifax or Experian in her proposed second amended complaint. For the reasons stated below, Plaintiff's Motion is denied.

### I. Shotgun Pleadings

In reviewing Plaintiff's proposed second amended complaint, the Court applies the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). Liberal construction, however, does not mean that a *pro se* plaintiff can file an impermissible shotgun pleading. *See Wilson v. Suarez*, No. 17-CV-20718, 2018 WL 9458287, at *4 n.4 (S.D. Fla. Sept. 4, 2018). A "shotgun pleading" is a

---

[1] Plaintiff's Motion references Chandler Alexander's Motion for Joinder. On November 4, 2019, the Court denied Mr. Alexander's motion stating that "he is neither a party who must be joined under Fed. R. Civ. P. 19 nor a party eligible for permissive joinder under Fed. R. Civ. P. 20(a)(1)" (Doc. 68). Therefore, to the extent that Plaintiff's Motion is seeking to join Mr. Alexander as a party, Plaintiff's Motion is denied as moot.

pleading that fails in "one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Among the various shotgun pleadings identified by the Eleventh Circuit, two are relevant here. *Id*. at 1322–23 (identifying four types of shotgun pleadings). The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The second type is a complaint which does not separate into "a different count each cause of action or claim for relief." *Id*. at 1323. Plaintiff's proposed second amended complaint suffers from both deficiencies.

Rather than specifying the factual allegations supporting each of the seven counts and seventeen claims described in her proposed second amended complaint, Plaintiff incorporates by reference "all relevant paragraphs of this [proposed second amended] Complaint." (Doc. 38 at 8, 10–12, 14–20, and 25–26). Defendants and the Court are left to figure out on their own which facts are relevant to each specific claim. This type of pleading is impermissible. *See Pelletier v. Zweifel,* 921 F.2d 1465, 1587 (11th Cir.1991) (describing "quintessential shotgun pleadings" as those that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted"). In addition, Paragraph 3 "incorporates by reference all of the above factual paragraphs of this [proposed second amended] Complaint," however, there are no such "above factual paragraphs." Paragraphs 1 and 2 only state the nature of the action and the jurisdiction and venue.

Plaintiff's proposed second amended complaint also is a shotgun pleading because it alleges up to five claims in a single count and combines Counts 6 and 7. *See Weiland*, 792 F.3d at 1323 (describing one type of shotgun pleading as "one that commits the sin of not separating into a different count each cause of action or claim for relief"); *Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1485 n. 4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief"); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (stating that a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts" is a shotgun pleading). In order to promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count. *See* Fed. R. Civ. P. 10(b); *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes shotgun pleading).

As a result, Plaintiff's proposed second amended complaint is a shotgun pleading that does not give adequate notice to Defendants of the factual grounds supporting each of Plaintiff's claims. *See Weiland*, 792 F.3d at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." *Id.* Thus, the proposed second amended complaint, in its current shotgun form, is futile.

## II. Joinder of TD Auto

When adding parties, motions for leave to amend under Rule 15 are simultaneously governed by Rule 20(a), Federal Rules of Civil Procedure. *See Lee Meml. Health System v. Glob. Excel Mgt., Inc.*, No. 217CV458FTM99MRM, 2018 WL 3913909, at *6 (M.D. Fla. Aug. 2, 2018). A plaintiff may join unrelated claims and various defendants in one action if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff alleges that she signed a loan with TD Auto to finance the purchase of a vehicle. She further claims that despite paying the loan in full, TD Auto reported the loan as in default to credit reporting agencies such as Defendants Experian and Equifax. Joinder of TD Auto as a defendant is improper because Plaintiff has not alleged that her claims against TD Auto arise out of the same transaction, occurrence, or series of transactions or occurrences as those against the other Defendants.

In the proposed second amended complaint, Plaintiff does not specify the transactions and occurrences from which Plaintiff's claims against Bank of American or Portfolio arise. In the Amended Complaint, however, Plaintiff alleges that despite notifying her creditors of being a victim of identity theft, the creditors failed to investigate the disputed debts and reported the debts to Equifax and Experian. While Plaintiff similarly alleges that TD Auto inaccurately reported a debt that Plaintiff did not owe, Plaintiff's claims against TD Auto and the other Defendants arise out of unrelated occurrences. Specifically, Plaintiff's claims against TD Auto arise out of

5

the alleged misapplication of payments to the auto loan owed by Plaintiff to TD Auto, while Plaintiff's asserted claims against the other Defendants arguably arise out of a common occurrence of identity theft. *See Interscope Records v. Does 1-25,* No. 6:04-CV-197-ORL-22, 2004 WL 6065737, at *5 (M.D. Fla. Apr. 1, 2004), *report and recommendation adopted*, No. 6:04-CV-197-ORL, 2004 WL 7078585 (M.D. Fla. Apr. 27, 2004) ("Courts have consistently severed claims against unrelated defendants where the only similarity between the defendants are the allegations that they violated the same statute or acted in the same manner"). Because "Federal Rule of Civil Procedure 20 refers to the *same* transaction or occurrence not to *similar* transactions or occurrences," the joinder of TD Auto as a party to this litigation is improper. *See id.* at *3 (emphasis in original).

### III. Claims Against Portfolio and Bank of America for Violating the FDCPA

Plaintiff seeks to amend her Amended Complaint to include claims against Portfolio and Bank of America for violating sections 1692d and 1692e of the FDCPA. Under the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d. Similarly, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To state a claim under the FDCPA, a plaintiff must plausibly allege: "1) the defendant is a debt collector; (2) the challenged conduct is related to debt collection; and (3) the defendant has engaged in an act or omission prohibited by

the FDCPA." *Hunstein v. Preferred Collection and Mgt. Services, Inc.*, No. 8:19-CV-983-T-60SPF, 2019 WL 5578878, at *2 (M.D. Fla. Oct. 29, 2019) (citations omitted).

To overcome a motion to dismiss for failure to state a claim, "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotations omitted). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Here, Plaintiff has alleged no factual allegations that plausibly state a claim against Bank of America or Portfolio. While Counts 4 and 5 incorporate "all relevant paragraphs," the proposed second amended complaint is devoid of any factual allegations concerning Bank of America or Portfolio. Rather, the previous paragraphs in the proposed second amended complaint only refer to TD Auto (*see* Doc. 38 at ¶¶ 8–20). While the proposed second amended complaint may "refer by number to a paragraph in an earlier pleading," Plaintiff fails to do so. *See* Fed. R. Civ. P. 10(b).

In addition, Plaintiff's proposed second amended complaint as to Bank of America is futile because Plaintiff has not plausibly stated that Bank of America is a debt collector under 15 U.S.C. § 1692a(6). A "debt collector" is defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  A creditor, unlike a debt collector, typically is not subject to the FDCPA, unless in collecting its own debts it "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313–14 (11th Cir. 2015).  Here, there are no allegations that Bank of America sought to collect a debt owed to a third party or used a third party's name to collect debts owed to it.  Similarly, there are no factual allegations to infer that the "principal purpose" of Bank of America's business is debt collection.  S*ee id.* at 1316 ("[A] person who does not otherwise meet the requirements of § 1692a(6) is not a "debt collector" under the FDCPA").  Plaintiff has failed to sufficiently allege that Bank of America is a debt collector under the FDCPA.  As a result, Plaintiff's proposed amendment as to the Bank of America is futile.

## IV.    Claims Against Wolfe and Portfolio's Attorneys Involved in the 2016 Lawsuit

In the proposed second amended complaint, Plaintiff seeks to add claims against Wolfe and Portfolio's attorneys for aiding and abetting and civil conspiracy.  Plaintiff contends that Wolfe lied and intentionally misrepresented facts in an affidavit filed in the 2016 Lawsuit by stating:

> This affidavit is based upon my personal knowledge of Account Assignee's record keeping system and my review of the business records of the Original Creditor U.S. BANK NATIONAL ASSOCIATION, including a review of the business records transferred to Account Assignee

(Doc. 38 at 23, ¶109).  Plaintiff offers no factual allegations to support her conclusory allegation.  The allegation also appears to be contradicted by an exhibit to attached to the proposed second amended complaint—an account statement from U.S. Bank National

Association ("U.S. Bank") showing a debt owed by "Pamela Stenzel" to the U.S. Bank in the amount of $2301.88 (Doc. 38-1 at 16).

Similarly, Plaintiff alleges that "PRA and Defendant Attorneys impermissibly and deceptively misrepresented a material fact" by "indicating that they did have a lawful assignment of account and thus, standing to collect a debt." (Doc. 38 at 23, ¶ 112). Plaintiff, however, does not assert any factual allegations to plausible suggest that the $2301.88 debt owed to U.S. Bank was not assigned to Portfolio. While no specific accounts were identified, an exhibit to the proposed second amended complaint shows that some debts owned to U.S. Bank were, in fact, assigned to Portfolio (Doc. 38-15). Plaintiff's conclusory allegations will not prevent dismissal of the proposed second amended complaint. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts [,] or legal conclusions masquerading as facts will not prevent dismissal.").

Nevertheless, even accepting Plaintiff's conclusory allegations as true, the proposed amendment is futile for the reasons discussed below.

**A. Aiding and Abetting**

To establish the elements of a civil aiding and abetting claim, Plaintiff must show: "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." *Lawrence v. Bank of Am., N.A.,* 455 F. App'x. 904, 906 (11th Cir. 2012). Plaintiff alleges that Wolfe and Portfolio's attorneys, in their roles as Portfolio's employee and agents: (1) abetted

9

Portfolio in engaging in "illegal and fraudulent activity"; (2) had actual knowledge they were engaging in illegal and fraudulent activity; and (3) provided substantial assistance in the carrying out the illegal and fraudulent conduct (Doc. 38 at 26). As with other counts, Plaintiff's proposed amendment provides nothing more than recitations of the elements of her claims, which are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotations omitted).

Additionally, to the extent that Plaintiff alleges that Wolfe and Portfolio's attorneys aided and abetted Portfolio's violation the FDCPA by filing the 2016 Lawsuit, Plaintiff's claim fails as a matter of law. Although the Eleven Circuit has recognized the existence of a direct cause of action for violating the FDCPA against attorneys involved in collection practices, *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1299 (11th Cir. 2015) ("*all* litigating activities of debt-collecting attorneys are subject to the FDCPA") (emphasis in the original), the FDCPA does not authorize a cause of action for aiding and abetting.[2] *See* 15 U.S.C § 1692k (describing the civil liability to which debt collectors are subject for failure to comply with the FDCPA provisions); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 175 (1994) ("If . . . Congress intended to

---

[2] A debt collector, however, may be vicariously liable for violating the FDCPA by employees and agents. *See Palmer v. Dynamic Recovery Sols., LLC,* No. 6:15-CV-59-ORL-40KRS, 2016 WL 2348704, at *6 (M.D. Fla. May 4, 2016) (stating that "[i]n order to impose vicarious liability on a principal for its agent's violation of the FDCPA, the plaintiff must show (1) that the principal controls or has the right to control the agent, and (2) the agent consents to act on the principal's behalf").

impose aiding and abetting liability, we presume it would have used the words 'aid' and 'abet' in the statutory text."); *Rich v. BAC Home Loans Servicing LP*, No. CV-11-00511-PHX-SRB, 2013 WL 10104612, at *5 (D. Ariz. Dec. 13, 2013) (stating that "[t]here is no support in the FDCPA for extending its coverage to secondary liability for aiding and abetting" because "[t]he FDCPA expressly imposes liability only for the violations of a debt collector") (internal quotations omitted).

Further, even if a cause of action for aiding and abetting a violation of the FDCPA exists, Plaintiff has not adequately alleged that Portfolio violated the FDCPA. Therefore, Plaintiff has not adequately alleged that Wolfe and Portfolio's attorneys aided and abetted Portfolio's violation under the FDCPA. *See JAWHBS, LLC v. Arevalo*, No. 15-CV-24176, 2017 WL 1345141, at *9 n.10 (S.D. Fla. Apr. 12, 2017) ("The elements of a civil aiding and abetting claim, by their own terms, presuppose the existence of a violation"). As a result, Plaintiff's proposed amendment is futile.

### B. Civil Conspiracy

Plaintiff's civil conspiracy claim fares no better. To state a claim for civil conspiracy under Florida law, a plaintiff must allege: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009). A cause of action for civil conspiracy exists "only if the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action

if the wrong were done by one person." *Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So. 2d 949, 950–51 (Fla. 3d DCA 1984).

Plaintiff alleges that Wolfe and Portfolio's attorneys knew Portfolio owed a duty "not to engage in deceptive and illegal activity in the collection of any debt allegedly owed; and . . . not [to] use any unfair or unconscionable means to collect any debt allegedly owed." (Doc. 38 at 26). Plaintiff further alleges that Portfolio's attorneys "assisted [their] client in breaching its dut[ies] to the Plaintiff, as well as committing the tort of [fraud] *inter alia* against the Plaintiff" (*Id*. at 27). Finally, Plaintiff alleges that "the conduct of [Portfolio's] Attorneys has proximately caused" Plaintiff's damages, including damage to her "credit and credit worthiness" (*Id*. at 27).

Plaintiff's proposed amendment fails to plausibly state the first two elements of a civil conspiracy claim. Plaintiff does not sufficiently allege the existence of an agreement between Wolfe and Portfolio's attorneys to engage in unlawful conduct. Without an agreement to engage in an unlawful act, Plaintiff's claim for civil conspiracy cannot lie. Plaintiff appears to allege that the underlying wrong is Portfolio's violation of the FDCPA by using illegal litigation practices to collect debts, including the use of fraud. As discussed above, Plaintiff failed to plausibly state a violation of the FDCPA by Portfolio. Given that "a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim," *see Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1067 (11th Cir. 2007), Plaintiff's civil conspiracy claim must also fail.

## CONCLUSION

Plaintiff's proposed second amended complaint is an impermissible shotgun pleading. Joinder of TD Auto as a party is improper and Plaintiff fails to state a plausible cause of action against Bank of America, Portfolio, Wolfe, or Portfolio's attorneys. Accordingly, it is **ORDERED:**

Plaintiff's Motion to Set Aside Previous Motion to Amend and Request for Leave to Amend Complaint in Light of New Claims (Doc. 38) is denied without prejudice.

ORDERED in Tampa, Florida, on January 6, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE